IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT J. MALONE,

                    Petitioner,

          v.                          CASE NO.  11-3115-SAC

LARNED CORRECTIONAL
FACILITY Employees,

                    Respondents.

O R D E R

     The  initial  pleading  submitted  in  this  action  is  entitled
"Writ of Habeas Corpus 28 U.S.C. § 2254," and was filed pro se by an
inmate  of  the  Larned  Correctional  Mental  Health  Facility  (LCMHF).
Petitioner  has  since  filed  a  Writ  for  Martinez  Report  (Doc.  2),
Motion for Reformatory Review (Doc. 3), Writ of Habeas Corpus (Doc.
4), Motion for Affidavit (Doc. 5), Motion for Democracy Kidnapping
(Doc.  6),  Petition  for  Citations  on  Habeas  Corpus  for  Additional
Back  Grounds  (Doc.  7),  Motion  for  Premeditated  Murders  (Doc.  8),
Motion for Affidavit (Doc. 9), Motion for Martinez Report (Doc. 10),
and Motion for Evidence for Trial (Doc. 11).

     Mr.  Malone  was  recently  informed  in  a  prior  similar  case  that
in  order  to  obtain  federal  habeas  corpus  review,  a  state  prisoner
must pay the filing fee of $5.00[1] and submit a petition for writ of
habeas  corpus  pursuant  to  28  U.S.C.  §  2254  upon  court-provided
forms.   He was also advised that the fee for filing a civil rights
complaint is $350.00.   In addition, he was previously informed that
a  habeas  corpus  petition  is  used  to  challenge  the  legality  of  a

---

     [1]     As petitioner was also informed, if he does not have funds to pay the
filing fee, he must submit a motion to proceed without prepayment of fees, which
must also be upon court-approved forms.

state prisoner's conviction or sentence and seeks an immediate or speedier release, while a civil rights complaint must be filed in order to challenge conditions of confinement.  Mr. Malone has again failed to comply with these prerequisites to proceeding in federal court.  In most cases with similar deficiencies, the court would give the litigant time to submit his petition upon the proper forms and to either pay the appropriate fee or submit a motion to proceed without the fee.  However, the court finds that no legitimate purpose would be served by doing so in this case for the following reasons.

Mr. Malone alleges no facts that can actually be perceived as a challenge to his state conviction or sentence.[2]  He makes a few bald statements that he is being held illegally and that he "should have been gone before Dec. 13th 1992 on a mandatory release sentence" from a state judge.  In his "Motion for Reformatory Review", he states that he filed a K.S.A. 60-1501 writ of habeas corpus in the Pawnee County District Court.  However, he does not show that he has exhausted all available state court remedies on any challenges he might have to his state conviction or sentence.

Even if this action were on proper forms, the fee had been satisfied, exhaustion was shown, and sufficient facts were alleged, it would be dismissed because it would clearly be a second and

_____

[2]   Malone's "petition" and motions contain many allegations that may only be characterized as bizarre, nonsensical, or delusional including that he is "a real Federal F.B.I. agent," a prime minister, "Pope King Emperial Embassador" from India, that his real name is prince Luke Skyywalker, and that he is suing because of the kidnaping and killing of his step-mother and all his family at the prison facility, and the murder of his son-in-law by "corr. officers of Larned corr. facility."  He also alleges that a correctional officer raped his wife and that she would be pregnant if he hadn't intervened, that he will file a "legal-threatening affidavit to the White House" and that if any "agency doesn't support his legal paperwork" they "shall be murdered."  None of these allegations are grounds for relief under § 2254.

successive petition.  A prior § 2254 petition filed by Mr. Malone was denied for failure to state a claim in <u>Malone v. Kansas</u>, 02-3097-DES (July 26, 2002).  Under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition.  <u>Id</u>.  There is no indication that Mr. Malone has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit.  Without that authorization, this court lacks jurisdiction to consider a § 2254 petition filed by Mr. Malone.[3]  <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008); <u>United States v. Nelson</u>, 465 F.3d 1145, 1148 (10th Cir. 2006).

Mr. Malone makes several allegations in his filings that are claims regarding the conditions of his confinement.  For example, he complains about the handling of his legal and personal mail and alleges that "these employees" are spitting in his food.  In his many motions, which are actually supplements or improper attempts to amend, he alleges that he is suing the LCMHF under a Kansas statute regarding his mail, that he has had mail confiscated and tampered with, and that he caught hepatitis in 2002.  He also claims in his motion to be suing several different people on several apparently unrelated grounds.  For example, he states that he is suing another inmate for "trying to repeat and adjudicated case" and "the

---

[3]     The district court may transfer this action pursuant to 28 U.S.C. § 1631 to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction.  <u>In re Cline</u>, 531 F.3d at 1252.  However, that interest would not be served by such a transfer due to the deficiencies discussed herein and the fact that petitioner's § 2254 claims are patently time-barred.

wyandotte co. jail deputy sheriff's for miss leading a traffic-ticket worth $10 Billion Dollars." All his claims that concern his conditions of confinement may only be raised in a civil rights complaint. Mr. Malone has filed civil rights complaints in the past, and may be attempting to avoid the $350.00 filing fee or the three-strike provision by improperly including conditions claims in a § 2254 petition. Mr. Malone is no stranger to this court, in which he has filed 29 cases. He has already been designated a three-strikes litigant in Malone v. Rohling, 04-3267-GTV (Oct. 14, 2004). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Thus, even if the court were to liberally construe portions of this action as a civil rights complaint, it could not proceed unless Mr. Malone either paid the $350.00 filing fee in full up front or made a sufficient showing that he is in imminent danger of serious physical injury. The court holds that in order to pursue conditions claims, Mr. Malone must file a complaint upon court-approved forms and satisfying the filing fee prerequisites for a civil rights action.

In his Motion for Reformatory Review, plaintiff appears to seek appointment of counsel. This imbedded request is denied as without factual or legal basis, and as moot because this action is dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that Mr. Malone is

provisionally granted leave to proceed in forma pauperis in this habeas corpus action for the sole purpose of dismissal.

**IT IS FURTHER ORDERED** that this action filed as a habeas corpus petition pursuant to 28 U.S.C. § 2254 is dismissed for lack of jurisdiction, and all pending motions (Docs. 2, 3, 6, 8, 10, 11) are denied as moot.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2011, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge